DENNIS, Justice.
Defendant, James E. Copley, was convicted by a judge of reckless operation of a vehicle, La.R.S. 14:99, and sentenced to pay a fine of $100 or spend four days in jail.
At approximately 1:45 a. m. on April 29, 1978, as the defendant Copley slept in a *1216 sitting position behind the steering wheel of his car, which was parked on the median of an interstate highway with its engine running and its lights on, an off-duty plainclothes deputy sheriff reached through the car’s open window and shook the defendant’s shoulder. The deputy testified that the defendant reacted by putting the car in gear and attempting to drive off. However, the deputy reached in, turned off the ignition and thus immobilized the vehicle before it had traveled twenty feet. The defendant’s undisputed testimony was that after he had been returned to his car parked on the median by a friend, he became ill, decided to cool himself with the car’s air conditioner and rest before driving home. After falling asleep, defendant testified, he was frightened by being awakened by the deputy sheriff, whom he did not know or recognize as a deputy sheriff. It was stipulated that the defendant’s blood alcohol test indicated .10%.
By his second argument the defendant maintains that there is no evidence in the record to support a finding that his operation of the vehicle was either reckless or criminally negligent. La.R.S. 14:99 provides:
“Reckless operation of a vehicle is the operation of any motor vehicle, aircraft, vessel, or other means of conveyance in a criminally negligent or reckless manner.
“Whoever commits the crime of reckless operation of a vehicle shall be fined not more than two hundred dollars, or imprisoned for not more than ninety days, or both.
“On a second or subsequent conviction the offender shall be fined not less than twenty-five nor more than five hundred dollars, or imprisoned for not less than ten days nor more than six months, or both.”
Criminal negligence is defined by La.R.S. 14:12 as follows:
“Criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender’s conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.”
An earlier reckless driving. statute, Act No. 188 of 1936, defined recklessness as follows:
“[0]perating any motor vehicle of any nature whatsoever upon any street or highway of this State carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or, without due caution and circumspection and at a speed or in a manner so as to endanger any person or property . . . .”
The 1936 definition was not carried forward, however, and it may be debated whether the legislature intended to incorporate its meaning in the present reckless operation statute. Conceivably, the legislature intended that “reckless” should be defined by common usage to connote merely carelessness or negligence. In this event, the conduct proscribed by the statute would include the failure to exercise the care that a prudent person usually exercises as well as wanton disregard of the rights or safety of others and criminal negligence.
However, we need not burden this opinion with the discussion required to decide which interpretation correctly expresses the legislative intention. Even under the broadest definition of simple carelessness or negligence, the defendant’s conduct did not amount to reckless operation of a vehicle. There is no evidence to support a finding that the defendant, who was awakened in an isolated spot in the middle of the night by a person dressed in plain clothes whom he did not know, did not fail to exercise the care that a prudent person usually exercises or engage in conduct creating an unreasonable risk of harm to others. Under different circumstances the operation of an automobile on a highway median or while under the influence of intoxicants could be a violation of the statute. But under the facts of the instant case the defendant’s conduct did not constitute reckless operation of a vehicle.
*1217 For the reasons assigned, the defendant’s conviction and sentence are reversed.
REVERSED.
SUMMERS, C. J., dissents.