COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Elder and Fitzpatrick
Argued at Salem, Virginia

DENNIS JEREMIAH LAWRENCE

v.        Record No. 0598-94-3                    OPINION BY
                                          JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                        AUGUST 15, 1995


             FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                    Jack B. Coulter, Judge Designate

             Steven P. Milani (Office of the Public Defender,
             on brief), for appellant.

             Monica S. McElyea, Assistant Attorney General
             (James S. Gilmore, III, Attorney General, on
             brief), for appellee.


     Dennis Jeremiah Lawrence (appellant) was convicted in a

bench trial of driving after having been adjudicated an habitual

offender in violation of Code § 46.2-357.  On appeal, he argues

that the trial court erred in finding the evidence sufficient to

support a felony conviction under Code § 46.2-357(B)(2).  Finding

no error, we affirm the trial court.

     On December 10, 1993 at 2:40 a.m., Officer M. C. Wrisborne

(Wrisborne) of the Roanoke City Police Department saw appellant

driving a jeep that was weaving and five times crossed the double

yellow line into the on-coming lane.  Wrisborne stopped the

vehicle.  He detected the odor of alcohol on appellant, saw that

his eyes were bloodshot, and noticed that he was unsteady on his

feet.  Appellant failed several field sobriety tests.  Appellant

pled guilty to driving under the influence as a result of this

incident.

At the trial on the habitual offender charge, the Commonwealth introduced into evidence appellant's guilty plea and conviction on the DWI charge, and his December 8, 1992 adjudication as an habitual offender.[1]

In a motion to strike, appellant argued that the evidence was insufficient to establish that his driving "of itself . . . endanger[ed] the life, limb, or property of another" and was thus a felony under Code § 46.2-357(B)(2). The trial court denied the motion but refused to adopt a per se rule that drunk driving "endanger[s] the life, limb, or property of another." The trial court held:

> I don't have any problem with [convicting] anybody who gets behind the wheel of an automobile as drunk as he was and [is] unable to keep his automobile in the line of traffic, not once or twice but four . . . or five . . . times.

When the sufficiency of the evidence is challenged on appeal, we view the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438,

---

[1] The Commonwealth elected to treat this habitual offender charge as a first offense. Code § 46.2-357(B)(3) provides for automatic felony punishment if the violation is a second offense:

> If the offense of driving while an order of adjudication as an habitual offender is in effect is a second or subsequent such offense, such person shall be punished as provided in subdivision 2 of this section, irrespective of whether the offense, of itself, endangers the life, limb, or property of another.

2

443, 358 S.E.2d 415, 418 (1987).

> Code § 46.2-357(B)(2) provides as follows:
> > <u>If such driving, of itself, does endanger the life, limb, or property of another, such person shall be guilty of a felony</u> punishable by confinement in the state correctional facility for not less than one year nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for twelve months . . . .

(Emphasis added).  This Court recently held in <u>Bishop v. Commonwealth</u>, 20 Va. App. 206, 455 S.E.2d 765 (1995), as follows:

> The distinction between negligent driving and reckless driving is the critical element in determining punishment under Code § 46.2-357.  In defining the conduct that gives rise to felony punishment under Code § 46.2-357(B)(2), the legislature used the phrase, "driving [that] . . . endanger[s] the life, limb, or property of another," language virtually identical to that found in the statute defining reckless driving.

<u>Id.</u> at 210-11, 455 S.E.2d at 767.  The Court rejected a <u>per se</u> rule that drunk driving deserves felony treatment under Code § 46.2-357 and held that, "while evidence of intoxication is a factor that might bear upon proof of dangerous or reckless driving in a given case, it does not, of itself, prove reckless driving."  <u>Id.</u> at 210, 455 S.E.2d at 767.  "'The essence of the offense of reckless driving lies not in the act of operating a vehicle, but in the manner and circumstances of its operation.'"  <u>Kennedy v. Commonwealth</u>, 1 Va. App. 469, 472-73, 339 S.E.2d 905, 907 (1986) (quoting <u>Powers v. Commonwealth</u>, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970)).

3

In Bishop, this Court determined that Bishop's conduct did not rise to the level required for felony punishment because "[n]o evidence proved that [he] drove the vehicle in a dangerous manner." 20 Va. App. at 211, 455 S.E.2d at 767. Bishop was arrested when he stopped at a toll booth and asked whether he could turn around because he was lost. Id. at 208, 455 S.E.2d at 766. In Travis v. Commonwealth, 20 Va. App. 410, 457 S.E.2d 420 (1995), this Court held in a case similar to the instant case that, "[b]ecause appellant was weaving within in his own lane and into the other lane, the circumstances support a finding that his driving 'of itself . . . endanger[ed] the life, limb, or property of another.'" Id. at 417, 457 S.E.2d at 423 (quoting Code § 46.2-357(B)(2)).

The record in this case established that appellant's jeep was weaving and crossed the double yellow line into the on-coming lane several times, driving behavior that clearly rises to the level of reckless and that could "endanger the life, limb, or property of another." Additionally, appellant was intoxicated, a fact admitted by his guilty plea to driving under the influence. The trial judge correctly found that: (1) appellant's intoxication alone was not enough to show that his driving "of itself . . . endanger[ed] the life, limb, or property of another," and (2) his intoxication when combined with the evidence of weaving was sufficient to prove a violation of Code § 46.2-357(B)(2).

4

Appellant argues that, for the felony provision of Code § 46.2-357(B)(2) to apply, the driving behavior must actually harm another person or his property or must require another person to take evasive action to avoid injury or damage to his property. We disagree. The purpose of the felony habitual offender statute is to deter reckless driving behavior by those already deemed to be a danger on the road by increasing the punishment for those whose driving behavior endangers the public. The mitigated, misdemeanor punishment was a legislative attempt to distinguish between those situations in which a barred driver continues to put the public at risk by driving in a reckless manner from those where the driving behavior is less culpable. See, e.g., Bishop, 20 Va. App. at 211, 455 S.E.2d at 767.

Accordingly, the decision of the trial court is affirmed.

Affirmed.