COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


TONY DOUGLAS HUFFMAN

v.          Record No. 1310-95-3          MEMORANDUM OPINION[*] BY
                                          JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                        APRIL 23, 1996


                FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                      George E. Honts, III, Judge

          Jonathan M. Apgar (Damico & Apgar, on brief),
          for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Tony Douglas Huffman (appellant) was convicted in a bench

trial of driving after having been adjudicated an habitual

offender in violation of Code § 46.2-357.  On appeal, he argues

that the trial court erred in finding the evidence sufficient to

support a felony conviction under Code § 46.2-357(B)(2).  Finding

no error, we affirm the trial court.

     On November 26, 1994 at 12:40 a.m., Trooper S. T. Oliver

(Oliver) of the Virginia State Police was driving south in the

left-hand lane of Interstate 81, near the truck scales in

Botetourt County.  A vehicle travelling in the right-hand lane

"abruptly" swerved over into Oliver's lane to avoid hitting the

pickup truck driven by appellant.  The pickup truck had no tail

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

lights and, when the vehicles exited "the lighted area [near the scales] going into the darkness, it was very difficult to see." Oliver stopped the pickup truck and immediately noticed a strong odor of alcohol on appellant. Appellant told Oliver that he was an habitual offender, that the pickup truck did not belong to him, and that he did not know that the tail lights were out. Oliver called the dispatcher to run a computer check and confirmed that appellant had been adjudicated an habitual offender in 1992. Appellant failed all three field sobriety tests administered by Oliver, and Oliver arrested appellant for felony habitual offender and drunk driving.

At trial, appellant moved to strike the Commonwealth's evidence on the felony habitual offender charge, arguing that his driving did not constitute specific endangerment of the life, limb, or property of another. The trial judge denied the motion and stated as follows:

> [U]nder all the circumstances of the case operating a motor vehicle that you're not familiar with without checking as to its safety features including its lights and the way you operated there that the trooper observed causing the other car to swerve to avoid you plus the fact that you were under the influence of alcohol is sufficient to raise that to the felony level . . . .

Appellant was convicted of both the felony habitual offender and drunk driving charges.

When the sufficiency of the evidence is challenged on appeal, we view the evidence "in the light most favorable to the

2

Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1986).

> Code § 46.2-357(B) provides as follows:
> 2.  <u>If such driving, of itself, does endanger the life, limb, or property of another, such person shall be guilty of a felony</u> punishable by confinement in the state correctional facility for not less than one year nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for twelve months . . . .

(Emphasis added).  This Court recently held in Lawrence v. Commonwealth, 20 Va. App. 653, 460 S.E.2d 259 (1995), that evidence of intoxication, combined with evidence of negligent driving behavior, is sufficient to support a felony habitual offender conviction.  Id. at 657, 460 S.E.2d at 260-61.  See also Travis v. Commonwealth, 20 Va. App. 410, 417, 457 S.E.2d 420, 423 (1995) (evidence of intoxication and weaving driving behavior sufficient to support felony habitual offender conviction).  This Court has held that driving while intoxicated, standing alone, is not deserving of felony treatment under Code § 46.2-357.  Bishop v. Commonwealth, 20 Va. App. 206, 210, 455 S.E.2d 765, 767 (1995).  However, a defendant's driving behavior need not "actually harm another person or his property or . . . require another person to take evasive action to avoid injury or damage to his property for the felony section to apply."  Lawrence, 20 Va. App. at 657, 460 S.E.2d at 261.

3

In the instant case, the trial court did not err in finding the evidence sufficient to support appellant's conviction for felony habitual offender. The record established that appellant was intoxicated; that he was negligent in driving the pickup truck without operating tail lights; and that his negligent operation of the vehicle endangered the life of the driver who was forced to swerve to avoid a collision with the truck. Although Code § 46.2-357(B)(2) does not require evidence that a defendant's driving behavior actually harm the life, limb, or property of another, such evidence is present in this case. Thus, appellant's intoxication, combined with his negligent driving behavior, was sufficient to prove that appellant's "driving, of itself, . . . endanger[ed] the life, limb, or property of another."

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.

4