COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia


HENRY LEE DAVIS
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1279-97-2      JUDGE NELSON T. OVERTON
                                       AUGUST 11, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
                      William L. Wellons, Judge

           Joseph M. Teefey, Jr., Assistant Public
           Defender, for appellant.

           (Mark L. Earley, Attorney General; Steven A.
           Witmer, Assistant Attorney General, on
           brief), for appellee.


     Henry Lee Davis (defendant) appeals his conviction of

driving in a manner that did endanger the life, limb, or property

of another while being a habitual offender, in violation of Code

§ 46.2-357(b)(2).  He contends on appeal the trial court applied

an incorrect legal standard to the facts and, therefore, the

Commonwealth presented insufficient evidence to convict.  Because

we hold the trial court applied the correct standard, and the

evidence presented was sufficient, we affirm.

     The parties are fully conversant with the record in this

case and because this memorandum opinion has no precedental

value, no recitation of the facts is necessary.

     Code § 46.2-357(b)(2) prohibits driving which "does endanger

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the life, limb, or property of another."  This Court in <u>Bishop v. Commonwealth</u>, 20 Va. App. 206, 210-11, 455 S.E.2d 765, 767 (1995), determined the prosecution must show recklessness on the part of the defendant in order to prove him guilty.  <u>Accord</u> <u>Lawrence v. Commonwealth</u>, 20 Va. App. 653, 655-56, 460 S.E.2d 259, 260 (1995).  Therefore, we review the lower court's decision to see if the recklessness standard was applied.

"Absent clear evidence to the contrary in the record, the judgement of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." <u>Yarborough v. Commonwealth</u>, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  That presumption is fully justified in the instant matter.  At the close of evidence, the defendant made a motion to strike citing the Commonwealth's failure to prove defendant acted recklessly.  The Commonwealth erroneously argued it need not prove recklessness.  Defendant corrected the Commonwealth and reminded the court the appropriate legal standard was recklessness.  The court, after discussing the facts of the case, denied the motion to strike and found defendant guilty because defendant's conduct met "the statutory requirements that the operation of the vehicle does endanger the life, limb or property of another."  This argument among the attorneys and the court indicates the trial court was aware of the correct standard and applied it to the facts.

Those facts, taken in the light most favorable to the

- 2 -

Commonwealth, were sufficient to convict defendant.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  Defendant drove his vehicle down a dirt road at a high, although legal, speed.  He was intoxicated.  Upon entering a curve, he turned the car twice, flipped it onto its roof and landed on the right side of the road.  This conduct clearly endangered the life, limb, and property of another and rose to the standard of recklessness.  See, e.g., Travis v. Commonwealth, 20 Va. App. 410, 417, 457 S.E.2d 420, 423 (1995); Lawrence, 20 Va. App. at 657, 460 S.E.2d at 260-61 (weaving into oncoming traffic lane while intoxicated was sufficient).  Combined with the undisputed fact defendant was a habitual offender, these facts fully supported the conviction.

Because the trial court applied the correct legal standard to the facts and the facts were sufficient to prove defendant's guilt, his conviction is affirmed.

Affirmed.