COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Elder
Argued at Salem, Virginia


JAMES MICHAEL SELLICK

MEMORANDUM OPINION[*] BY
v.    Record No. 2702-97-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
DECEMBER 8, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Amanda E. Shaw (Clinton R. Shaw, Jr.; Office
of the Public Defender, on brief), for
appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.



James Michael Sellick (appellant) was convicted in a bench trial of possession of cocaine in violation of Code § 18.2-250. On appeal he contends that: (1) the trial court erred in denying his motion to suppress evidence, and (2) the evidence was insufficient to convict him of possession of cocaine. Finding no error, we affirm.

I.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

S.E.2d 677, 678 (1997).  So viewed, the evidence established that on December 11, 1996, Officer R.A. Cook (Cook) was on patrol in the City of Lynchburg.  At approximately 12:30 a.m., Cook observed a car stopped in the travel lane of 15th Street.  A man was leaning into the passenger side of the car.  There were no other cars on 15th Street at that time; however, there had been "heavy traffic" that night.

Cook circled the block, which took approximately fifteen to twenty seconds.  When he returned, the car remained in the same position.  As Cook approached the car from behind, the pedestrian stood up and the car drove down the street.  Cook followed the car for approximately three blocks at which time he stopped it for a violation of Code § 46.2-888.[1]

---

[1] Code § 46.2-888 provides:

> No person shall stop a vehicle in such manner as to impede or render dangerous the use of the highway by others, except in the case of an emergency, an accident, or a mechanical breakdown.  In the event of such an emergency, accident, or breakdown, the emergency flashing lights of such vehicle shall be turned on if the vehicle is equipped with such lights and such lights are in working order.  If the driver is capable of doing so and the vehicle is movable, the driver may move the vehicle only so far as is necessary to prevent obstructing the regular flow of traffic;  provided, however, that the movement of the vehicle to prevent the obstruction of traffic shall not relieve the law-enforcement officer of his duty pursuant to § 46.2-373.  A report of the vehicle's location shall be made to the nearest law-enforcement officer as soon as practicable, and the vehicle shall be moved from the roadway to the shoulder as soon as

The driver of the car identified himself as "Mr. Tabor" and he consented to a search of the car. Tabor, appellant, and a third occupant were asked to step out of the vehicle. Officer D.M. Bernaldo (Bernaldo), who was assisting Cook, asked appellant for permission to search him for weapons. Appellant consented.

During the pat-down search, Bernaldo felt a small "device" in appellant's pocket. By its size and shape, Bernaldo recognized the device as a pipe of the type used to smoke drugs and removed it from appellant's pocket. Appellant admitted to having smoked marijuana in the pipe two days earlier. An analysis of the pipe's contents showed it contained both cocaine and marijuana residue.

## II.

Appellant first argues that Cook did not have a reasonable articulable suspicion to justify the stop of Tabor's car. He contends that there was no violation of Code § 46.2-888 because there was no other traffic on the road at the time of the stop.

"`[W]hen the police stop a motor vehicle and detain an occupant, this constitutes a seizure of the person for Fourth Amendment purposes.'" Logan v. Commonwealth, 19 Va. App. 437, 441, 452 S.E.2d 364, 367 (1994) (quoting Zimmerman v.

---

possible and removed from the shoulder without unnecessary delay. If the vehicle is not promptly removed, such removal may be ordered by a law-enforcement officer at the expense of the owner if the disabled vehicle creates a traffic hazard.

Commonwealth, 234 Va. 609, 611, 363 S.E.2d 708, 709 (1988)). "A police officer may conduct an investigatory stop of a vehicle when he or she has an `articulable and reasonable suspicion that . . . either the vehicle or an occupant is otherwise subject to seizure for violation of law.'" Commonwealth v. Thomas, 23 Va. App. 598, 610, 478 S.E.2d 715, 721 (1996) (quoting Delaware v. Prouse, 440 U.S. 648, 663 (1979)). "Reasonable suspicion" is more than a "mere hunch" but less than "proof of wrongdoing by a preponderance of the evidence." Id. at 610-11, 478 S.E.2d at 721 (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)).

In the instant case, the evidence was undisputed that Cook observed Tabor's vehicle stopped in the travel lane of a city street, a possible violation of Code § 46.2-888 unless one of the enumerated statutory exceptions applied. Appellant's argument that there must be an actual impediment to existing traffic to justify the officer's investigative stop is without merit. The statutory language prohibits stopping in a manner that creates a dangerous situation.[2] A defendant's stopping in a traffic lane need not cause actual harm to another person or property for Code

---

[2]The trial court so found:

> And the idea is so if traffic comes along you don't render the roadway dangerous or impede the progress. So when he's stopped in the middle of the travel portion of the highway for the period of time described, he's stopped so as to impede. Now, whether or not the officer ticketed him or not, he could pull him over and talk to him about that.

§ 46.2-888 to apply. See Lawrence v. Commonwealth, 20 Va. App. 653, 657, 460 S.E.2d 259, 261 (1995) (noting that the defendant's driving behavior is not required to harm another person for the habitual offender provisions of the Code to apply). Thus, the officer had a reasonable suspicion upon which to make the initial stop of the vehicle, and the trial court did not err in denying appellant's suppression motion.

III.

Appellant next argues that the Commonwealth's evidence failed to prove that he knew about the presence and character of the cocaine residue in the pipe. He contends that his statement to Officer Bernaldo that he smoked marijuana two days prior to the seizure of the pipe excludes the possibility that he was aware of the presence of the cocaine found in the pipe. We disagree.

"In order to convict a person of illegal possession of an illicit drug, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." Walton v. Commonwealth, 255 Va. 422, 426, 497 S.E.2d 869, 871 (1998). "Proof of possession of contraband, by itself, gives rise to the inference that the defendant knew its character." Hamilton v. Commonwealth, 16 Va. App. 751, 754, 433 S.E.2d 27, 29 (1993).

In the instant case, appellant had actual possession of the pipe containing the cocaine residue. He admitted ownership of

the pipe and that he had used it to smoke illegal drugs two days earlier. The trial court could conclude from his admission that he owned the pipe and had used it to smoke marijuana, that he had also used it to smoke cocaine, and that the cocaine residue in the pipe was his. The trial court was not required to believe appellant's self-serving statement that the only drug he was aware of in the pipe was marijuana. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.").

For the foregoing reasons, we affirm.

Affirmed.