# Richmond

J. E. SPICKARD V. CITY OF LYNCHBURG.

January 8, 1940.

Record No. 2161.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and
Spratley, JJ.

*J. Easley Edmunds, Jr.,* and *Paul Whitehead,* for the plaintiff in error.

*W. T. Spencer, Jr.,* and *Robert D. Morrison,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

The petitioner was convicted in the municipal court of the city of Lynchburg of unlawfully operating an automobile when under the influence of whiskey and was fined $100. He appealed therefrom to the corporation court of that city. His appeal was heard by a jury which imposed upon him a fine of $150. Upon that verdict a judgment was entered, from which he again appealed and has been granted a writ of error.

The prosecution and conviction was under section 259 of the code of the city of Lynchburg and reads as follows:

"(a) It shall be unlawful for any person to drive or operate any automobile or other motor vehicle, car, truck, engine or train while under the influence of alcohol, brandy, rum, whiskey, gin, wine, beer, lager beer, ale, porter, stout, or any other liquid, beverage or article containing alcohol, or while under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature.

"(b) Any person who violates any provision of this ordinance shall be guilty of a misdemeanor punishable by a fine of not less than $100.00 nor more than $1,000.00, or imprisonment of not less than one month nor more than six months, either or both in the discretion of the judge trying the same, for a first offense, and the court may, in

its discretion, suspend the sentence during the good behavior of the person convicted."

Section 196 of said city code deals with reckless driving and fixes the punishment for the first offense by a fine of not less than $10 nor more than $100; or by imprisonment in the city jail for not more than thirty days or by both fine and imprisonment.

The evidence of the officer who arrested him is that "he was so drunk he could hardly talk." This the accused denied and said that he had taken but two small drinks.

It is his contention that under this state of facts he might properly have been convicted of reckles driving and not of driving when drunk, and he asked the court to so instruct the jury.

■ Where a major offense is charged, all lesser offenses which are incident to it or elements thereof are included. That is to say, for example, where one is indicted for malicious wounding he may properly be convicted of unlawful wounding if such a conviction is sustained by the evidence. This principle has no application to the instant case, unless reckless driving is an element of drunken driving, which, of course, could not be true unless under the influence of intoxicants a driver is necessarily guilty of driving recklessly.

■ One may be both drunk and reckless. He may be reckless though not drunk; he may even be a total abstainer, and he may be under the influence of intoxicants and yet drive carefully. Indeed, with knowledge of his condition, he might, for the time being, drive with extraordinary care. It is against the possibilities of such a condition that the statute is directed. A man under the influence of intoxicants may at times conduct himself with the utmost care and dignity, and he might do this to an extent which would manifest that which he hoped to conceal. He might tread a line with an exactness which no sober man would feel called upon to attempt. Moreover, as was said in *Holly* v. *State* (1932), 25 Ala. App. 260, 144 So. 535, there are as many stages of intoxication as there are varieties of

Heinz pickles. All that is necessary under the ordinance is that the driver be under the influence of an intoxicant while driving a car.

In *State* v. *Sisneros* (1938), 42 N. M. 500, 82 P. (2d) 274, 278, it was said:

"The crime of reckless driving and that of driving an automobile while under the influence of intoxicating liquor, are distinct offenses and are established by different evidence. A conviction of one would not be a bar to a prosecution for committing the other offense. While the evidence of intoxication might bear upon the question of whether the defendant was guilty of reckless driving, it does not necessarily prove it, but is a circumstance to be considered by the jury in deciding the issue."

In *State* v. *Andrews* (1928), 108 Conn. 209, 142 A. 840, 842, the court in considering this question said:

"Nor does the offense of driving under the influence of liquor merge other offenses, even though the same act or group of acts are involved. The same facts may constitute two or more distinct offenses, different in kind as well as in degree. *State* v. *Burns,* 82 Conn. 213, 72 A. 1083, 16 Ann. Cas. 465; *State* v. *Jellison,* 104 Me. 281, 71 A. 716." To the same effect see also, *People* v. *McGrath* (1928), 94 Cal. App. 520, 271 P. 549, American Digest System, Crim. Law 902; *Usary* v. *State* (1938), 172 Tenn. 305, 112 S. W. (2d) 7, 114 A. L. R. 1401, American Digest System, Crim. Law 13.

We know of no case which holds that one driving under the influence of an intoxicant must necessarily be driving recklessly. In *Owens* v. *Commonwealth* (1927), 147 Va. 624, 136 S. E. 765, the court, in commenting upon a rejected instruction, said:

"* * * It should not have been given as it placed the burden upon the Commonwealth of proving beyond every reasonable doubt that while the accused was driving the automobile he was under the influence of intoxicants to such an extent that his ability to drive with safety to himself and others was thereby materially impaired."

■ Recklessness was not necessarily a part of the offense charged. It follows that the court was right in refusing instructions which dealt with it.

The judgment appealed from is plainly right and should be affirmed.

*Affirmed.*