455 S.E.2d 765

**Carroll R. BISHOP**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1568–93–1.**

Court of Appeals of Virginia,
Norfolk.

April 11, 1995.

Thomas L. Northam, Accomac, for appellant.

H. Elizabeth Shaffer, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen.), for appellee.

Present: BAKER, BENTON and WILLIS, JJ.

BENTON, Judge.

Carroll R. Bishop was convicted of driving after having been adjudicated an habitual offender in violation of Code § 46.2–357(B) and sentenced as a felon pursuant to subsection (B)(2). He contends that the evidence was sufficient only to support punishment for a misdemeanor under subsection (B)(1) of the

statute.[1] We agree; therefore, we reverse the felony sentence and remand the case for resentencing.

## I.

The undisputed evidence proved that Bishop was seated in the driver's seat of a motor vehicle stopped at a toll booth on the Chesapeake Bay Bridge Tunnel. Two passengers were in the vehicle. When Bishop inquired about turning around because he was lost, a police officer approached the vehicle to assist Bishop and detected an odor of alcohol. In response to the officer's inquiry concerning whether he had been drinking, Bishop replied that he had. The officer told him to put the transmission in park and exit the vehicle. After the officer administered sobriety tests and learned that Bishop was an habitual offender, she arrested Bishop.

---

**1.** In pertinent part, Code § 46.2–357 reads as follows:

B. Any person found to be an habitual offender under this article, who is thereafter convicted of driving a motor vehicle or self-propelled machinery or equipment in the Commonwealth while the order of the court prohibiting such driving is in effect, shall be punished as follows:

1. If such driving does not, of itself, endanger the life, limb, or property of another, such person shall be guilty of a misdemeanor punishable by confinement in jail for no more than ninety days and a fine of not more that $2,500, either or both. However, ten days of any such confinement shall not be suspended except in cases designated in subdivision 2(ii) of this section.

2. If such driving, of itself, does endanger the life, limb, or property of another, such person shall be guilty of a felony punishable by confinement in the state correctional facility for not less than one year nor more than five years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for twelve months and no portion of such sentence shall be suspended except that (i) if the sentence is more than one year in the state correctional facility, any portion of such sentence in excess of one year may be suspended or (ii) in cases wherein such operation is necessitated in situations of apparent extreme emergency which require such operation to save life or limb, said sentence, or any part thereof may be suspended.

3. If the offense of driving while an order of adjudication as an habitual offender is in effect is a second or subsequent such offense, such person shall be punished as provided in subdivision 2 of this section, irrespective of whether the offense, of itself, endangers the life, limb, or property of another.

The officer testified that Bishop was the driver of the motor vehicle. However, she also testified that she never saw the vehicle while it was moving. Bishop was fully cooperative and complied with her instructions.

In the circuit court, Bishop sought to plead guilty to the misdemeanor offense and pled not guilty to the felony offense. Bishop's counsel conceded that Bishop had been convicted of driving under the influence of alcohol in the general district court and that Bishop was an habitual offender. He argued at trial and on this appeal that the evidence proved only the elements sufficient to support misdemeanor punishment under Code § 46.2–357(B)(1). The trial judge, however, found that Bishop's driving endangered the passengers in the vehicle because Bishop was operating the vehicle while he was under the influence of alcohol. He convicted Bishop of violating Code § 46.2–357(B) and imposed a felony sentence pursuant to subsection (B)(2).

## II.

Code § 46.2–357 contains the criterion that distinguishes a misdemeanor violation from a felony violation. An habitual offender who is convicted of driving a motor vehicle after having been forbidden to drive shall be punished as a misdemeanant "[i]f such driving does not, of itself, endanger the life, limb, or property of another." Code § 46.2–357(B)(1). Pursuant to subsection (B)(2), the convicted habitual offender shall be punished as a felon "[i]f such driving, of itself, does endanger the life, limb, or property of another." Significantly, the statutory phrase, "of itself," modified the word "driving." In applying the statute, we have a duty to give effect to every word in the statute. *Foote v. Commonwealth*, 11 Va.App. 61, 65, 396 S.E.2d 851, 854 (1990). The legislature's use of this phrase as a modifier necessarily required the trier of fact to find conduct, other than the mere fact of operating the motor vehicle, that imperiled or threatened danger to the life, limb, or property of a person other than the driver.

■ In the absence of any evidence to prove that the actual manner in which Bishop drove the vehicle endangered life, limb, or property, the Commonwealth argued that proof of Bishop's intoxication constituted *per se* proof that life, limb, or property was endangered. We disagree and hold that the inference drawn solely from Bishop's intoxication, without more, was insufficient to support imposition of felony punishment.

■ The Supreme Court of Virginia has been consistent in stating that " '[o]ne who knowingly drives [an] automobile on the highway under the influence of intoxicants, in violation of statute, is, of course, negligent.' " *Essex v. Commonwealth*, 228 Va. 273, 282, 322 S.E.2d 216, 221 (1984) (quoting *Baker v. Marcus*, 201 Va. 905, 910, 114 S.E.2d 617, 621 (1960)). The Supreme Court also has observed that "no case . . . holds that one driving under the influence of an intoxicant must necessarily be driving recklessly." *Spickard v. City of Lynchburg*, 174 Va. 502, 505, 6 S.E.2d 610, 611 (1940). Thus, while evidence of intoxication is a factor that might bear upon proof of dangerous or reckless driving in a given case, it does not, of itself, prove reckless driving.

> One may be both drunk and reckless. He may be reckless though not drunk; he may even be a total abstainer, and he may be under the influence of intoxicants and yet drive carefully. Indeed, with knowledge of his condition, he might, for the time being, drive with extraordinary care. It is against the possibilities of such a condition that [Code § 18.2–266] is directed. A man under the influence of intoxicants may at times conduct himself with the utmost care and dignity, and he might do this to an extent which would manifest that which he hoped to conceal. He might tread a line with an exactness which no sober man would feel called upon to attempt. . . . [T]here are as many stages of intoxication as there are varieties of Heinz pickles.

*Id.* at 504–05, 6 S.E.2d at 611.

The distinction between negligent driving and reckless driving is the critical element in determining punishment under

Code § 46.2–357. In defining the conduct that gives rise to felony punishment under Code § 46.2–357(B)(2), the legislature used the phrase, "driving [that] . . . endanger[s] the life, limb, or property of another," language virtually identical to that found in the statute defining reckless driving. *See* Code § 46.2–852 ("driving . . . at a speed or in a manner so as to endanger the life, limb, or property of any person shall be . . . reckless driving"). Thus, although proof of Bishop's conviction under Code § 18.2–266 was sufficient to prove that Bishop was negligent by operating the motor vehicle, no other facts or circumstances proved that his intoxication was such that it elevated his "conduct to the level of 'negligence so gross, wanton, and culpable as to show a reckless disregard of human life.' " *Essex,* 228 Va. at 283, 322 S.E.2d at 222 (citation omitted), or that his "driving, of itself," was dangerous.

■ The evidence in this case did not prove any movement of the motor vehicle. No witness testified that the vehicle moved while Bishop was observed at the toll booth. No evidence proved that Bishop drove the vehicle in a dangerous manner. Although Bishop's operation of the vehicle under the influence of alcohol was negligent, it was not, under the facts proven, conduct dangerous to life, limb, or property of another. In that regard, we also note that drunken driving is not a *malum in se* offense in Virginia; it is *malum prohibitum. Id.* at 282, 322 S.E.2d at 221.

■ Furthermore, it is a fundamental principle that "[c]riminal statutes are to be 'strictly construed against the Commonwealth and in favor of [a] citizen's liberty.' " *King v. Commonwealth,* 6 Va.App. 351, 354, 368 S.E.2d 704, 706 (1988) (citation omitted). We believe that if the legislature had intended a *per se* result, it would have specified that any habitual offender who operated a motor vehicle while intoxicated, regardless of the nature or the circumstances of the actual driving, would be deemed a felon. Indeed, the legislature provided that for a conviction of a second or subsequent offense under Code § 46.2–357, an habitual offender shall be

punished as a felon, "irrespective of whether the offense, of itself, endangers the life, limb, or property of another." Code § 46.2–357(B)(3).

Because the statute explicitly created a felony offense for a category of offender "irrespective" of proof of endangerment, we cannot conclude from the statute as written that the legislature intended the same result for persons who were proved to be intoxicated, irrespective of endangerment. "A penal statute must be construed so as to proscribe only conduct which the legislature clearly intended to be within the statute's ambit." *King*, 6 Va.App. at 355, 368 S.E.2d at 706. Had the legislature intended for courts to impose a felony sentence solely upon proof that an habitual offender drove after consuming alcohol, the legislature could have included such a penalty, as it did in subsection (B)(3).

Accordingly, we hold that the evidence failed to prove that Bishop's "driving, of itself . . . endanger[ed] the life, limb, or property of another" and, thus, the evidence did not support the imposition of a felony sentence. Because the evidence proved beyond a reasonable doubt the elements necessary to support a violation of Code § 46.2–357(B), we uphold the conviction. However, for the reasons stated in this opinion, we remand the case to the trial judge for imposition of a misdemeanor punishment pursuant to Code § 46.2–357(B)(1).

*Reversed and remanded.*