COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Fitzpatrick and Overton
Argued at Salem, Virginia


ROGER DALE SNODY

v.        Record No. 1104-95-3        MEMORANDUM OPINION[*] BY
                                      JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                     APRIL 23, 1996


          FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                     David V. Williams, Judge

          Wayne T. Baucino (Office of the Public
          Defender, on brief), for appellant.

          Monica S. McElyea, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Thomas C. Daniel, Assistant Attorney General,
          on brief), for appellee.


     On appeal from a felony conviction for driving after having

been declared an habitual offender in violation of Code

§ 46.2-357(B)(2), Roger Dale Snody contends that the evidence

supports only a conviction for a misdemeanor under Code

§ 46.2-357(B)(1).  We agree and reverse the felony sentence and

remand the case for a misdemeanor conviction and resentencing.

     On October 8, 1994, Officer Ross "heard a car with its

engine racing and then heard tires break traction for several

seconds."  At the time, Ross was outside his car.  He walked

around his car for a better view and "saw a cloud of tire smoke"

and a Monte Carlo with its brake lights on at the intersection of

Moss and Market Streets.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Officer Ross pursued the car and pulled it over. Snody was driving and a passenger occupied the front seat. Ross discovered that Snody had been adjudicated an habitual offender. Ross testified that Snody told him that he had spun his tires to get away from some trouble on Moss Street. Ross testified that he saw no other vehicles on the street, that Snody did not deviate from his lane of traffic, and that he did not come close to hitting any other car, or property, or person.

At trial, Snody moved to reduce the charge to a misdemeanor on the ground that his driving did not endanger the life, limb, or property of another. The trial court denied this motion and found that Snody's driving endangered his passenger. The trial court convicted Snody of violating Code § 46.2-357(B)(2) and imposed a felony sentence.

"The distinction between negligent driving and reckless driving is the critical element in determining punishment under Code § 46.2-357." Bishop v. Commonwealth, 20 Va. App. 206, 210-11, 455 S.E.2d 765, 767 (1995). Code § 46.2-357(B)(2) states in pertinent part:

> If such driving, of itself, does endanger the
> life, limb, or property of another, such
> person shall be guilty of a felony . . . .

The evidence fails to prove that Snody's driving endangered the life, limb, or property of another. Mere rapid acceleration, with a spinning of wheels, over a short course that involved no other vehicle or property and proposed no hazard of accident, did

not actually create such a danger.  Thus, the evidence does not support the imposition of a felony sentence.  The evidence does, however, prove beyond a reasonable doubt the elements of Code § 46.2-357(B)(1).  We remand this case to the trial court for conviction of a misdemeanor and appropriate sentencing.

<u>Reversed and remanded.</u>