COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia


LINDA EUGENE HALL
                                         OPINION
v.          Record No. 1782-96-2    BY JUDGE JOSEPH E. BAKER
                                       AUGUST 5, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                        James A. Luke, Judge

            James M. Goff, II, for appellant.

            Margaret Ann B. Walker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.



     Linda Eugene Hall (appellant) appeals from her bench trial

conviction by the Circuit Court of the City of Hopewell for

violation of Code § 46.2-852[1] (reckless driving).  The sole issue

presented by this appeal is whether the evidence is sufficient to

prove beyond a reasonable doubt that appellant drove a vehicle

recklessly on a highway in violation of Code § 46.2-852.  We find

that the evidence is insufficient and reverse.

        Code § 46.2-852 provides:
            Reckless driving; general rule. --
            Irrespective of the maximum speeds permitted
            by law, any person who drives a vehicle on
            any highway recklessly or at a speed or in a
            manner so as to endanger the life, limb, or
            property of any person shall be guilty of
            reckless driving.

_____

     [1]Although the record contains two references to Code
§ 46.2-853, the parties agree that appellant was convicted of
violating Code § 46.2-852.  Thus, our inquiry here is focused upon
the application and interpretation of Code § 46.2-852.

Upon familiar principles, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  On August 28, 1995, Hopewell Police Officer Daniel Pisarck (Pisarck) was informed of "a possible broken down vehicle" near the intersection of 6th Street and Route 10 and proceeded to determine the reason for the stopped vehicle.  Pisarck testified that at approximately 11:40 p.m., he arrived at the designated location and found appellant's car stopped in the lane of travel on North 6th Avenue.  He said that the operator was "passed out"[2] behind the wheel and that appellant's car was situated in a "heavily travelled area," particularly at that time of night. Pisarck found that the car's ignition switch and headlights were on, and its battery and alternator indicator lights were illuminated on the instrument panel.  Pisarck opined that appellant's car was a traffic hazard which posed a threat to appellant's safety and to the safety of other motorists. However, Pisarck never saw the car in motion prior to or during his investigation.  Pisarck confirmed that he had not observed appellant driving the vehicle.

Pisarck tapped on the driver's side window with his flashlight and shined the light in appellant's face attempting to

[2]Pisarck did not confirm whether appellant had "passed out" from an illness or had merely fallen asleep and appeared to surmise that it was one or the other.

- 2 -

wake her.  When she awoke, appellant told him she was "headed home to Chesterfield."  Pisarck noted that the direction of her vehicle was such that she was really "coming from Chesterfield."  Pisarck noticed a strong odor of alcohol escaping from the vehicle and discovered two open alcoholic beverage containers therein.  Appellant admitted she had been drinking.  Her speech was slurred and she was unsteady on her feet.  Pisarck arrested appellant for driving while intoxicated.  Appellant's certificate of breath analysis showed an alcohol content of ".17 grams per 210 liters of breath."

For reasons not disclosed in the record, the prosecutor elected not to proceed on the charge for which appellant was arrested and amended the charge to reckless driving.  To support a conviction for reckless driving in violation of Code § 46.2-852, the Commonwealth must prove beyond a reasonable doubt that the accused drove the vehicle in a reckless manner "so as to endanger the life, limb, or property" of another.

The Commonwealth relies upon Kennedy v. Commonwealth, 1 Va. App. 469, 339 S.E.2d 905 (1986), to support appellant's conviction.  Kennedy and his family had been on the road for eight hours when Kennedy ran his van off of the road into a wooded median strip.  Id. at 470-71, 339 S.E.2d at 906.  This Court affirmed Kennedy's conviction even though no eyewitness testimony proved Kennedy drove in a reckless manner.  The Court in Kennedy stated that the circumstances of the accident were

- 3 -

such as to give rise to an inference that the car had been driven in a reckless manner in violation of the Code.  Id. at 472, 339 S.E.2d at 907.

The circumstances in which Pisarck found appellant's car were such as to give rise to an inference that appellant drove her car to the location where Pisarck found her.  In fact, we have held in similar circumstances that a defendant could be convicted of driving or operating a motor vehicle while intoxicated.  See Propst v. Commonwealth, 24 Va. App. 791, 485 S.E.2d 657 (1997).  However, the circumstances in appellant's case do not give rise to an inference that she drove her car in a reckless manner.[3]  See City of Baton Rouge v. Copley, 372 So.2d 1215 (1979); Jenson v. Fletcher, 101 N.Y.S.2d 75 (1950).

In Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970), the Court said:

> The word "recklessly" as used in the statute imparts a disregard by the driver of a motor vehicle for the consequences of his act and an indifference to the safety of life, limb or property . . . .
>   The essence of the offense of reckless driving lies not in the act of operating a vehicle, but in the manner and circumstances of its operation.

---

[3]"[W]hile evidence of intoxication is a factor that might bear upon proof of dangerous or reckless driving in a given case, it does not, of itself, prove reckless driving."  Bishop v. Commonwealth, 20 Va. App. 206, 210, 455 S.E.2d 765, 767 (1995).  "'One may be both drunk and reckless.  He may be reckless though not drunk; he may even be a total abstainer, and he may be under the influence of intoxicants and yet drive carefully.'"  Id. (quoting Spickard v. City of Lynchburg, 174 Va. 502, 504-505, 6 S.E.2d 610, 611 (1940)).

We hold that under the facts shown by this record, the Commonwealth has failed to prove beyond a reasonable doubt that appellant was guilty of reckless driving in violation of Code § 46.2-852.

Accordingly, the judgment of the trial court is reversed and the case is dismissed.

<u>Reversed and dismissed.</u>