COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


HENRY ADOLPHUS THOMPSON
                                        OPINION BY
v.        Record No. 1498-97-3    JUDGE RICHARD S. BRAY
                                         JULY 7, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

            Margaret A. Nelson, Assistant Public
            Defender, for appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Leah A. Darron, Assistant Attorney General,
            on brief), for appellee.


     Henry Adolphus Thompson (defendant) was convicted in a bench

trial for reckless driving and feloniously driving after having

been adjudicated an habitual offender, violations of Code

§§ 46.2-852 and 46.2-357(B)(2), respectively.  On appeal,

defendant complains that the evidence was insufficient to support

the convictions.  We agree and reverse and remand for further

proceedings consistent with this opinion.

     Under familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

     On January 1, 1997, Lynchburg Police Officer M.R. Gillispie

was dispatched to a single car accident at 12th and Federal

Streets.  Upon arrival, Gillispie found an automobile crashed

into a utility pole and medical personnel treating a passenger for "severe head injuries." Neither the driver nor other occupants of the vehicle were at the scene, but Gillispie soon learned that another officer had detained a suspect a "couple blocks from the accident." Gillispie proceeded immediately to that location and encountered defendant, bleeding from a "visible cut to his face and nose and . . . complaining of chest pain," injuries "consistent with the crushed steering wheel and the face print on the driver's side windshield." Gillispie also observed that defendant's eyes were "glassy," he was "unsteady on his feet," and emitted "a strong odor of alcohol." When defendant was unable to successfully perform a series of field sobriety tests, Gillispie arrested him for driving under the influence of alcohol.[1]

Subsequent to arrest, defendant stated he drove the vehicle at the time of the accident, "because the others were too drunk," and "had been an habitual offender for about ten years." Although he denied drinking alcohol after the accident, defendant admitted consuming "about four beers and two shots of liquor" sometime previously, at an unnamed location on Federal Street.

At trial, the court, after accepting defendant's guilty plea

---

[1] Defendant was found not guilty of driving under the influence by the general district court. Although evidence of intoxication was presented during the instant trial for reckless driving, the record does not disclose defendant's blood alcohol content, and the trial court did not find that he was intoxicated either at the time of the accident or arrest.

to leaving the scene of the accident in violation of Code § 46.2-894, convicted him upon pleas of not guilty to reckless driving and felonious endangerment by an habitual offender, the instant offenses. On appeal, defendant challenges the sufficiency of the evidence to support the latter convictions.

## I.  Reckless Driving

Code § 46.2-852 provides, in pertinent part, that "any person who drives a vehicle on any highway recklessly or at a speed in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving."  Code § 46.2-852.  "The word 'recklessly' as used in the statute imparts a disregard by the driver of a motor vehicle for the consequences of his act and an indifference to the safety of life, limb or property."  Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970).  "The essence of the offense . . . lies not in the act of operating a vehicle, but in the manner and circumstances of its operation."  Id.; Hall v. Commonwealth, 25 Va. App. 352, 355, 488 S.E.2d 651, 653 (1997).  Thus, "[t]he mere happening of an accident does not give rise to an inference of reckless driving."  Powers, 211 Va. at 388, 177 S.E.2d at 630.  To convict, the Commonwealth must "prove every essential element of the offense beyond a reasonable doubt," with evidence which excludes "every reasonable hypothesis of innocence and . . . consistent only with . . . guilt . . . ."  Id. at 388, 177 S.E.2d at 629.

- 3 -

In <u>Hall</u>, we considered the import of intoxication evidence in a prosecution for reckless driving. Hall was discovered by police "'passed out' behind the wheel" of an automobile stopped in a heavily traveled roadway, with "ignition switch and headlights . . . on and . . . indicator lights . . . illuminated." Hall smelled of alcohol, was confused, unsteady, slurred in speech and admitted "driving" the vehicle. However, the record was silent with respect to the "manner and circumstances" of Hall's driving. <u>Hall</u>, 25 Va. App. at 355, 488 S.E.2d at 653. Guided by <u>Powers</u>, we concluded that such "circumstances . . . do not give rise to an inference that [defendant] drove . . . in a reckless manner." <u>Id.</u> In reversing the conviction, the panel noted that "'evidence of intoxication is a factor that might bear upon proof of dangerousness or reckless driving in a given case,'" but "'does not, of itself, prove reckless driving.' '"One may be both drunk and reckless . . . [or] reckless though not drunk . . .[, or] under the influence of intoxicants and yet drive carefully."'" <u>Id.</u> at 355 n.3, 488 S.E.2d at 653 n.3 (quoting <u>Bishop v. Commonwealth</u>, 20 Va. App. 206, 210, 455 S.E.2d 765, 767 (1995)).

Here, assuming, without deciding, that the evidence proved defendant had been driving the car while intoxicated at the time of the collision, it establishes little else. The record does not disclose the time of the accident, the manner in which defendant drove the car, his blood alcohol level, the road

- 4 -

conditions, weather, traffic controls, or other circumstances probative of a Code § 46.2-852 violation.  Reckless driving is not a status offense, and defendant cannot be convicted upon "speculation and conjecture as to what caused [him] to lose control of the car."  Powers, 211 Va. at 389, 177 S.E.2d at 630.  Thus, under the instant facts, we find the evidence insufficient to support a conviction for reckless driving.[2]

## II.  Habitual Offender Endangerment

Code § 46.2-357(B)(2) elevates driving by an habitual offender from a misdemeanor to a felony when "such driving . . . of itself endangers the life, limb, or property of another," Code § 46.2-357 (emphasis added), "language virtually identical to that found in the statute defining reckless driving."  Bishop, 20 Va. App. at 211, 455 S.E.2d at 767; Code § 46.2-852.  Hence, we also find the evidence insufficient to support a finding of felonious habitual offender endangerment and reverse the conviction.  However, because the record clearly establishes that defendant violated Code § 46.2-357(B)(1), the misdemeanor offense, we remand for further proceedings, if the Commonwealth be so advised.  See Gorham v. Commonwealth, 15 Va. App. 673,

---

[2]The Commonwealth mistakenly relies upon Kennedy v. Commonwealth, 1 Va. App. 469, 339 S.E.2d 905 (1986), as support for the inference that proof of defendant's intoxication sufficiently explained the accident.  In Kennedy, the evidence clearly supported the inference that the accused "fell asleep at the wheel," resulting in a collision.  Id. at 472, 339 S.E.2d at 907.  Manifestly, driving a vehicle while sleeping evinces the disregard for the life, limb and property contemplated by Code § 46.2-852.

678-79, 426 S.E.2d 493, 497 (1993).

<u>Reversed and remanded.</u>