COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


LEON LORENZO HARRIS

                                       MEMORANDUM OPINION* BY
v.    Record No. 2078-98-2             JUDGE ROBERT P. FRANK
                                          DECEMBER 21, 1999
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                         Thomas V. Warren, Judge

              Sally P. McConnaughey for appellant.

              Eugene Murphy, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Leon Lorenzo Harris (appellant) was convicted in a bench

trial for driving a motor vehicle after having been adjudged an

habitual offender, while such order was still in effect, in such a

manner as to endanger the life, limb, or property of another, a

violation of Code § 46.2-357(B)(2).  Appellant contends that the

evidence was insufficient to show that he drove in a manner which

endangered life, limb, or property, and that the trial court erred

in imposing a felony sentence.  We agree with appellant and

reverse the felony conviction under Code § 46.2-357(B)(2) and

remand for further proceedings consistent with this opinion.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.  ANALYSIS

Under familiar principles, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, granting to it all reasonable inferences fairly deducible therefrom.  See Clifton v. Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996).  We will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it.  See Code § 8.01-680.

Code § 46.2-357(B)(2) states "any person found to be an habitual offender under this article, who is thereafter convicted of driving a motor vehicle . . . while the revocation determination is in effect" shall be guilty of a felony

> [i]f such driving of itself endangers the life, limb, or property of another or takes place while such person is in violation of § 18.2-266, irrespective of whether the driving of itself endangers the life, limb or property of another and one of the offender's underlying convictions is for §§ 18.2-36.1, 18.2-266 or a parallel local ordinance.

In Bishop v. Commonwealth, 20 Va. App. 206, 208, 455 S.E.2d 765, 766 (1995), the defendant drove a vehicle to a toll booth and inquired about turning around because he was lost.  A police officer approached the vehicle and smelled an odor of alcohol on the defendant.  See id.  The defendant admitted to the officer that he had been drinking.  See id.  Thereafter, the officer administered field sobriety tests, learned the defendant was an habitual offender, and arrested the defendant.  See id.  The

-

officer testified that she never saw the defendant's vehicle while it was moving.  See id. at 209, 455 S.E.2d at 766.  The trial judge found that the defendant's driving endangered the two passengers in the vehicle because the defendant operated the vehicle while under the influence of alcohol.  See id.  The defendant was convicted under Code § 46.2-357(B) and received the felony sentence under Code § 46.2-357(B)(2).  See id.

We reversed the defendant's conviction and held that the statutory phrase, "of itself," modified the word driving and, therefore, required the fact finder to "find conduct, other than the mere fact of operating the motor vehicle that imperiled or threatened danger to the life, limb, or property of a person other than the driver."  Id.  We rejected the Commonwealth's argument that the defendant's intoxication constituted per se proof that life, limb, or property was endangered.  See id. at 210, 455 S.E.2d at 766.  We stated that while the defendant's conviction of driving under the influence pursuant to Code § 18.2-266 was proof of negligence, "no other facts or circumstances prove[d] that his intoxication was such that it elevated his 'conduct to the level of "negligence so gross, wanton, and culpable as to show a reckless disregard of human life."'"  Id. at 211, 455 S.E.2d at 767 (citation omitted).

In Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970), the Supreme Court of Virginia held that speed

-

alone does not constitute reckless driving.[1]  The Court wrote,

"The word 'recklessly' as used in the statute imparts a

disregard by the driver of a motor vehicle for the consequences

of his act and an indifference to the safety of life, limb or

property."  Id.

    We have employed the standard used under the reckless

driving statute in habitual offender endangerment cases.  See

Bishop, 20 Va. App. at 211, 455 S.E.2d at 767; Thompson v.

Commonwealth, 27 Va. App. 720, 725, 501 S.E.2d 438, 440 (1998).

The language in Code § 46.2-357(B)(2) requiring the "driving of

itself to endanger life, limb, or property" is "virtually

identical to that found in the statute defining reckless

driving."  Bishop, 20 Va. App. at 211, 455 S.E.2d at 767 (citing

Code § 46.2-852).

---

[1] In Powers, there was no evidence as to the speed at which
the defendant operated the vehicle.  See Powers, 211 Va. at 388,
177 S.E.2d at 630.  In Code § 46.2-862, the legislature has
defined reckless driving to include operating a motor vehicle

> (i) at a speed of twenty miles per hour or
> more in excess of the applicable maximum
> speed limit where the applicable speed limit
> is thirty miles per hour or less, (ii) at a
> speed of sixty miles per hour or more where
> the applicable maximum speed limit is
> thirty-five miles per hour, (iii) at a speed
> of twenty miles per hour or more in excess
> of the applicable maximum speed limits where
> the applicable maximum speed limit is forty
> miles per hour or more, or (iv) in excess of
> eighty miles per hour regardless of the
> applicable maximum speed limit.

-

Therefore, we hold that since speed alone does not constitute reckless driving under Powers, speed alone does not of itself endanger life, limb, or property pursuant to Code § 46.2-37(B)(2).

In this case, the trial judge stated that because appellant was driving over the speed limit and because appellant had been drinking, appellant endangered property and was, therefore, convicted of a felony under Code § 46.2-357(B)(2). We find the evidence in the record insufficient to convict appellant of habitual offender endangerment.

In this case, there was no evidence in the record as to appellant's actual speed. The officer did not use radar. Instead, he merely testified that he observed appellant driving at a high rate of speed. The officer observed appellant shortly after midnight. There was no evidence as to the weather conditions, other traffic on the roadways, the presence of pedestrians, erratic driving by appellant, or other factors which would be determinative of whether life, limb, or property was endangered.

The officer testified that appellant smelled of alcohol, walked slowly, and had blood-shot eyes. Appellant also admitted to drinking prior to the stop. However, this was the only evidence of intoxication. There was no chemical report as to appellant's blood alcohol content, and the officer did not

-

perform the field sobriety tests.  Further, appellant did not stumble or stagger as he walked and his speech was not slurred.

We hold this evidence insufficient to support appellant's conviction for habitual offender endangerment.  There was no evidence in the record to suggest that appellant's speed and intoxication caused him to drive in a manner which of itself endangered life, limb, or property of another person.  Therefore, we reverse appellant's conviction under Code § 46.2-357(B)(2).

The evidence did establish that appellant was driving after having been determined an habitual offender, a violation of Code § 46.2-357(B)(1), a misdemeanor.  We, therefore, remand for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

-