UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, McCullough and Senior Judge Clements
Argued by teleconference


ERIN MICHELLE BURNSIDE

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 0660-12-4                    JUDGE STEPHEN R. McCULLOUGH
                                                        MAY 14, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

Adam M. Krischer (Dennis & Stewart, PLLC, on brief), for
appellant.

Lauren C. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Appellant, Erin Michelle Burnside, was found guilty of reckless driving.  She assigns error

to the trial court's refusal to exclude the results of a preliminary breath test.  She further assigns

error to the trial court's refusal to grant a jury instruction, based on Code § 18.2-269, addressing

statutory presumptions of alcohol-related impairment.  We hold that the trial court erred in

admitting the testimony of the preliminary breath test when no evidence was presented concerning

whether such a result signified that the driver was intoxicated and driving recklessly.  We are unable

to conclude that the error was harmless.  We further hold that, in the event the prosecution adduces

evidence of a particular blood alcohol level to establish that appellant was intoxicated and driving

recklessly, the presumptions found in Code § 18.2-269 become relevant.  Therefore, a jury

instruction regarding the statutory presumptions of impairment at various levels should be granted

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to the party requesting it. Accordingly, we reverse and remand for further proceedings should the Commonwealth be so advised.

## BACKGROUND

Trooper Seth Cox of the Virginia State Police was traveling northbound on Interstate 395, around 12:20 a.m. Weather conditions were clear, and traffic was light. As he approached the 14th Street Bridge near Washington, D.C., he observed a vehicle "trying to make a lane change from the right lane into the right center lane." App. at 29. Appellant's vehicle appeared to be coming off the ramp to merge northbound. By "visual estimation," Trooper Cox assessed appellant's speed at 55-60 miles per hour. App. at 37. He testified that she "appeared to be exceeding the speed limit." App. at 38. Appellant was traveling in a construction zone where the speed limit was 35 miles per hour. Appellant had her turn signal on. As appellant's vehicle moved to the right center lane, she struck the front, right side of a vehicle that was in the right center lane. Appellant's vehicle then started to spin across the interstate, next striking a taxi cab that was traveling northbound in the left lane. The two cars that were struck by appellant's car were "totaled." App. at 25, 48.

Trooper Cox testified that he detected a slight odor of alcohol on appellant. He suspected her of driving under the influence. He asked appellant about this odor, and she initially stated that she had had nothing to drink. Trooper Cox administered a preliminary breath test to appellant. Her test came back with a blood alcohol level of 0.04. Appellant admitted that she had had "a couple of drinks earlier, a couple of shots." App. at 33. When asked on cross-examination to confirm that he had "made a determination that alcohol was not a factor in this accident," Trooper Cox answered that he had "determined that it was just reckless in nature, yes." App. at 38. On the police report, Trooper Cox did not make any notation that appellant had been drinking. He testified that he did not charge her with driving under the influence because "her BAC [breath alcohol

- 2 -

concentration] was not high enough." App. at 42-43. He stated he knew the legal limit for driving under the influence is ".08." App. at 43.

Initially, appellant told Trooper Cox that she was changing lanes and did not see the other vehicle. Then, she said the other vehicle struck her car. At trial, appellant denied that she had been speeding. She estimated that she was traveling at 30 to 40 miles per hour. She admitted she was at fault, stating that she did not see the car in her blind spot when she moved into the left lane. She acknowledged being "completely responsible for that." App. at 55. She was adamant, however, that she did not drive recklessly, that, instead, "it was just an accident." App. at 53. Trooper Cox did not indicate in the crash report that appellant had made an improper lane change.

Before trial, appellant filed a motion *in limine* to exclude any testimony concerning a preliminary breath test. In the alternative, she argued that if the court were to allow the results of the preliminary breath test into evidence, the court should instruct the jury with regard to the blood alcohol presumptions found in Code § 18.2-269. The court denied her motion and further held that an instruction concerning blood alcohol level is not appropriate in a reckless driving trial.

During a brief opening statement, the prosecution stated that

> [d]uring the course of the accident investigation, [Trooper Seth Cox]
> talked to the Defendant. She originally told him she did not have
> anything to drink. He offered her what's called a preliminary breath
> test, she took this preliminary breath test, and the results of the test
> showed that she did have alcohol in her system. He asked her again
> if she [had consumed] alcohol and she told him that she had two
> shots. Ladies and Gentlemen, at the end of this case, I'm going to
> ask that you find the Defendant guilty of reckless driving, not
> because of the alcohol in her system, but because she drove
> recklessly.

App. at 22.

Appellant tendered a jury instruction that provided as follows:

> You have received evidence of the amount of alcohol concentration
> of the defendant at the time that a chemical test was administered. If
> at that time the concentration was 0.05 or less, there is a rebuttable

> presumption that the defendant was not under the influence of alcohol at the time of the alleged offense. This presumption may be rebutted by other evidence.

App. at 13. The court refused this instruction.

Appellant was found guilty of reckless driving and received a $100 fine. This appeal followed.

## ANALYSIS

### I. ADMISSIBILITY OF THE PRELIMINARY BREATH TEST RESULT

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Irrelevant evidence, however, is not admissible. See Virginia Rules of Evidence, Rule 2:402.

We note at the outset what we do *not* decide in this case. Appellant contended in a pretrial motion that the results of an alco-sensor test should not be admitted because such tests are scientifically unreliable. She does not press this argument on appeal. Accordingly, we have no occasion to address this question.[1] Second, appellant does not argue that, by statute, preliminary breath test results cannot be admitted in a trial for reckless driving.[2] Accordingly, we confine

---

[1] On remand, the law of the case would foreclose appellant from renewing such an argument. See Kondaurov v. Kerdasha, 271 Va. 646, 658, 629 S.E.2d 181, 188 (2006) ("[A] legal decision . . . unchallenged in a subsequent appeal when the opportunity to do so existed [] becomes the law of the case . . . and the parties are deemed to have waived the right to challenge that decision at a later time.").

[2] The Commonwealth notes that "[a]lthough the admission of [preliminary breath test results] is prohibited by statute in the prosecution of certain offenses, see Code § 18.2-267(E), there is no impediment to using the test results in other prosecutions not enumerated in the statute, such as reckless driving." Commonwealth's Br. at 7. Appellant does not provide us with any countervailing statutory arguments concerning whether a *preliminary* breath test may properly be admitted in a prosecution for reckless driving. Code § 18.2-267(E) further states that "the purpose of this section [is] to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of having committed an offense listed in subsection A." This sentence suggests a legislative intent to limit the use of preliminary breath tests to the purpose stated, namely,

our decision to the grounds argued on appeal: first, that the preliminary breath test result was not admissible because the Commonwealth failed to establish an adequate factual foundation for its admission, and, second, even if such a result could be admitted, evidence of the result was unduly prejudicial "[a]bsent any testimony with regard to the meaning of a .04 blood alcohol level." Appellant's Br. at 4.

Relying on Santen v. Tuthill, 265 Va. 492, 498, 578 S.E.2d 788, 792 (2003), appellant first argues that the prosecution failed to establish an adequate factual foundation for the admission of the preliminary breath test. Appellant acknowledges that Trooper Cox testified that the breath test device was properly calibrated, but she notes that he did not testify that the device was accurate. The Commonwealth responds by arguing, among other things, that this argument is procedurally defaulted under Rule 5A:18. Although appellant certainly objected to the admission of the preliminary breath test, we find no specific objection pre-trial or at trial on the basis that the Commonwealth failed to establish an adequate factual foundation for the admission of the test or an objection relating to the Commonwealth's failure to adduce evidence of the device's accuracy. Accordingly, Rule 5A:18 precludes us from considering this argument.

Appellant further argues that without any testimony concerning "the meaning of a .04 blood alcohol level, the jury is left with the 'illegitimate inference' [that such a blood alcohol level] is evidence of intoxication." Appellant's Br. at 4. The Commonwealth, for its part, maintains that while "[e]vidence of intoxication is not per se proof of reckless driving, . . . it is a factor to consider

---

equipping law enforcement officers with a tool to determine whether someone is driving while intoxicated, rather than to develop evidence for use at trial. In the absence of any substantive briefing on the question of whether a preliminary breath test may be admitted at all in a reckless driving prosecution, however, and in the face of a statute that does not speak directly to the issue, we decline to raise *sua sponte* the question of whether, by statute, preliminary breath tests may be admitted at all in a prosecution for reckless driving.

- 5 -

in assessing dangerous or reckless driving in a given case." Commonwealth's Br. at 7 (citing Bishop v. Commonwealth, 20 Va. App. 206, 210, 455 S.E.2d 765, 766-67 (1995)).

Appellant was charged with reckless driving under Code § 46.2-852. That statute provides that "[i]rrespective of the maximum speeds permitted by law, any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving." "The word 'recklessly' as used in the statute imparts a disregard by the driver of a motor vehicle for the consequences of his act and an indifference to the safety of life, limb or property." Powers v. Commonwealth, 211 Va. 386, 388, 177 S.E.2d 628, 630 (1970). "The essence of the offense of reckless driving lies not in the act of operating a vehicle, but in the manner and circumstances of its operation." Id.

Code § 46.2-852 does not mention intoxication. Nor does the statute prohibit driving with a particular blood alcohol level. This Court has noted, however, that "evidence of *intoxication* is a factor that might bear upon proof of dangerous or reckless driving in a given case" even though "it does not, of itself, prove reckless driving." Bishop, 20 Va. App. at 210, 455 S.E.2d at 767 (emphasis added). Therefore, in a reckless driving case, intoxication – not mere consumption of some alcohol – is relevant to establishing that the defendant drove her car "so as to endanger the life, limb, or property of any person." Code § 46.2-852. In order to prove intoxication, proof of a defendant's blood alcohol level may be introduced along with other evidence concerning the significance of this blood alcohol level.[3]

The unexplained results of a blood alcohol test without more, however, do not illumine whether the defendant was driving recklessly due to intoxication. By itself, such evidence is irrelevant. In other words, the blood alcohol level indicated in the preliminary breath test is

---

[3] In Thompson v. Commonwealth, 27 Va. App. 720, 724, 501 S.E.2d 438, 440 (1998), we indicated that blood alcohol level was "probative of a Code § 46.2-852 violation."

conditionally relevant, subject to being "connected up" by other evidence showing that the level indicated in the test tends to establish that the driver was driving in an intoxicated condition, so as to endanger the life, limb or property of others.  See Virginia Rules of Evidence, Rule 2:104 (permitting admission of evidence subject to proof of connecting facts).  In addition, there is a significant risk that a jury with nothing more than a numerical blood alcohol test score might improperly speculate concerning the significance of the unexplained numerical result of the preliminary breath test.  Cf. Young v. Lambert, 253 Va. 237, 242, 482 S.E.2d 823, 826 (1997) (under the evidence presented, the jury would have had to speculate about whether the passenger knew the driver was intoxicated and, therefore, assumed the risk when entering the car with the driver).

After testifying that the result of the preliminary breath test showed that appellant's blood alcohol was 0.04, Trooper Cox was asked, "[a]nd what do those results mean, .04 what?"  He answered, "[t]hat was her blood alcohol content."  App. at 33.  He later testified that the legal limit for driving under the influence is 0.08.  No evidence established for the jury the significance of a preliminary breath test showing a blood alcohol concentration of 0.04 and whether a person driving with such a level might be intoxicated and, thereby supply evidence of reckless driving.  Without any evidence to explain the significance of the breath test result to a charge of reckless driving, the test result alone is irrelevant to a charge of reckless driving under Code § 46.2-852.  See Virginia Rules of Evidence, Rule 2:402 (irrelevant evidence inadmissible).  Therefore, we hold that under the facts of this case, admitting the preliminary breath test result was error.

## II. THE ERROR WAS NOT HARMLESS.

The Commonwealth argues that any error was harmless.  The standard of review for determining whether non-constitutional error is harmless is whether

> "it plainly appears from the record and the evidence given at the
> trial that the parties have had a fair trial on the merits and

> substantial justice has been reached, no judgment shall be arrested or reversed . . . for any . . . defect, imperfection, or omission in the record, or for any error committed on the trial."
>
> [I]n order to determine whether there has been "a fair trial on the merits" and whether "substantial justice has been reached," a reviewing court must decide whether the alleged error substantially influenced the [fact finder]. If it did not, the error is harmless.

Rose v. Commonwealth, 270 Va. 3, 12, 613 S.E.2d 454, 458 (2005) (quoting Code § 8.01-678). The Commonwealth argues the evidence of appellant's reckless driving was "overwhelming." We find this argument unpersuasive.

First, "[t]he mere happening of an accident does not give rise to an inference of reckless driving." Powers, 211 Va. at 388, 177 S.E.2d at 630. Second, the testimony of the victims of the accident sheds no light on whether appellant was merely negligent or whether she was driving recklessly. Indeed, their accounts were largely consistent with appellant's account. The two victims simply described the happening of the accident: that appellant, while moving over one lane, collided with one vehicle, which in turn caused her to crash into a second vehicle. Appellant testified that she checked her rearview mirror but neglected to check her blind spot. Trooper Cox testified that appellant had her turn signal on when she moved over one lane. Therefore, the finding of reckless driving rests upon Trooper Cox's testimony regarding appellant's speed.

Trooper Cox estimated that appellant was traveling about 55-60 miles per hour, well in excess of the construction zone speed limit of 35 miles per hour. His estimate of her speed, however, was a "visual estimation." App. at 37. He also testified more tepidly that "[s]he appeared to be exceeding the speed limit." App. at 38. The other witnesses to the accident did not testify that appellant had been speeding. Appellant was not charged with reckless driving by speed under Code § 46.2-862. Appellant testified that she was not speeding. The accident report

- 8 -

filled out by Trooper Cox did not make a notation that appellant had made an improper lane change. Simply put, evidence of appellant's reckless driving was not overwhelming.

With regard to the role of alcohol, the evidence was likely to confuse the jury. On the one hand, Trooper Cox acknowledged on cross-examination that he did not charge appellant with driving under the influence. When asked on cross-examination to confirm that he had "made a determination that alcohol was not a factor in this accident," Trooper Cox responded ambiguously that he had "determined that it was just reckless in nature, yes." He also was asked, "[i]f you had determined that alcohol would have been a part of this accident would you have arrested her for driving under the influence of alcohol?" He responded, "[a]fter performing the field sobriety tests." App. at 38. No field sobriety tests were administered. Furthermore, the jury heard evidence that appellant's result on her preliminary breath test was a 0.04 and that the legal limit for driving under the influence is 0.08. This evidence would tend to diminish in the eyes of the jury the results of the preliminary breath test score of 0.04.

On the other hand, the Commonwealth emphasized appellant's consumption of alcohol. Trooper Cox explained that he suspected appellant of driving under the influence, App. at 32, he testified about the preliminary breath test device and the results of the test, and that appellant had acknowledged consuming "a couple of drinks earlier," App. at 33. The Commonwealth specifically singled out the evidence of the preliminary breath test and appellant's alcohol consumption in its succinct opening statement. The jury could well have concluded that appellant, while not guilty of driving drunk under the statutes prohibiting drunk driving, nevertheless was driving recklessly because she had alcohol in her system as evidenced by a 0.04 preliminary breath test. The jury had no evidence before it to explain the significance of this breath test result.

Virginia courts often have held that improperly admitted evidence in a bench trial was harmless due to the fact that "[a] judge, unlike a juror, is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial [evidence] and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both." See, e.g., Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981). Here, however, the evidence was heard by a jury, which does not have the benefit of such training and experience. On the facts before us, we are unable to conclude that the admission of the preliminary breath test did not substantially influence the jury and, therefore, we cannot conclude that its admission was harmless.

III. ONCE THE PROSECUTION INTRODUCES EVIDENCE OF A PARTICULAR BREATH TEST LEVEL IN A RECKLESS DRIVING CASE, THE BLOOD ALCOHOL PRESUMPTIONS FOUND IN CODE § 18.2-269 BECOME RELEVANT FOR THE PROSECUTION AND THE DEFENDANT.

In the event the Commonwealth elects to retry appellant, and in such a retrial should the Commonwealth seek to admit the result of the preliminary breath test – assuming such a test would be admissible as a matter of law – the Commonwealth will need to adduce testimony to establish, if it can, that a .04 result indicates that appellant was intoxicated to an extent that her driving was "dangerous to life, limb, or property" of another. Code § 46.2-852. See Bishop, 20 Va. App. at 211, 455 S.E.2d at 767.

If the Commonwealth can clear these hurdles, appellant would be entitled to a jury instruction concerning the levels of intoxication found in Code § 18.2-269. In general, the granting or denying of jury instructions rests in the sound discretion of the trial court. Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). The "'sole responsibility [of the appellate court] in reviewing [jury instructions] is to see that the law has been clearly stated *and that the instructions cover all issues which the evidence fairly raises.*'" Molina v. Commonwealth, 272

Va. 666, 671, 636 S.E.2d 470, 473 (2006) (emphasis added) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

Code § 18.2-269 establishes certain presumptions based on various levels of the alcohol content of a suspect's blood. More specifically, Code § 18.2-269(A)(1) provides as follows:

> If there was at that time 0.05 percent or less by weight by volume of alcohol in the accused's blood or 0.05 grams or less per 210 liters of the accused's breath, it shall be presumed that the accused was not under the influence of alcohol intoxicants at the time of the alleged offense.

Code § 18.2-269 specifies that these presumptions apply in "any prosecution for a violation of § 18.2-36.1 or clause (ii), (iii) or (iv) of § 18.2-266, or any similar ordinance." Reckless driving is not among those enumerated statutes. Nevertheless, Code § 18.2-269(A)(1) represents a legislative determination that an individual with a 0.05 or lower blood alcohol level is presumed not to be under the influence of alcohol at the time of the offense. Once the Commonwealth introduces evidence of a defendant's blood alcohol level in a trial for reckless driving to establish that the defendant was driving recklessly, the defendant's intoxication, *i.e.* whether he was operating a vehicle "under the influence of alcohol intoxicants," becomes an issue for the jury. In that situation, the determination by the people's elected representatives that a person with a blood alcohol level at or below 0.05 is presumed not to be under the influence of alcohol is a relevant consideration for the jury. Therefore, should the Commonwealth elect to retry appellant, and in this retrial should evidence of her blood alcohol level be admitted from appellant's preliminary breath test, appellant is entitled to her proffered jury instruction concerning the statutory presumptions of blood alcohol concentration. Without such an instruction, the instructions would not cover "all issues which the evidence fairly raises." Molina, 272 Va. at 671, 636 S.E.2d at 473.

CONCLUSION

We reverse and remand for a new trial if the Commonwealth so elects.

Reversed and remanded.